UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FREDDIE FALCONER,       ) | |
|     Plaintiff,       ) | |
|                        ) | |
| v.                     ) | Case No.: 10-1236 |
|                        ) | |
| WARDEN PIERCE, CMT CATION, CO ) | |
| SIMMONS, DR. SCHAEFER, ) | |
|     Defendants.     ) | |

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT

    The Defendant's have filed Motions for Summary Judgment. They argue lack of deliberate indifference, failure to exhaust administrative remedies and qualified immunity. The Motions are granted, as to deliberate indifference, for the reasons set forth below. As such, the issues of failure to exhaust and qualified immunity need not be addressed.

BACKGROUND

    Plaintiff, Freddie Falconer, #B64044, is an inmate with the Illinois Department of Corrections, currently incarcerated at Menard Correctional Center. The allegations in Plaintiff's complaint arise out of his time at Pontiac Correctional Center.

    Plaintiff asserts a violation of his Eighth Amendment Rights. Specifically, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical condition. Plaintiff claims that he did not receive proper treatment for his asthma. Defendants assert that Plaintiff did receive proper medical treatment and that they were not indifferent to Plaintiff's serious medical condition.

    Plaintiff arrived at Pontiac Correctional Center on September 23, 2009. Plaintiff received an intake exam at Pontiac Correctional Center on September 23, 2009. During that intake exam, it was noted that Plaintiff had asthma and was prescribed Albuteral.

    Plaintiff claims he did not receive adequate medical treatment between the dates of October 23, 2009 and November 10, 2009. On October 24, 2009, Plaintiff was again seen by medical personnel. He was seen by Nurse J. Friell. During his October 24, 2009, medical visit, Plaintiff was prescribed an inhaler and ordered to attend the asthma clinic by Nurse J. Friel.

    On November 3, 2009, Defendant Cation made a note in Plaintiff's medical chart that Plaintiff would like to be seen for shortness of breath. On November 10, 2009, Plaintiff was seen in the Health Care Unit by Dr. Schaeffer for sick call. Plaintiff complained of shortness of breath

but indications showed that his lungs were clear. Plaintiff was ordered to follow up with the asthma clinic. Defendant Cation was present at this visit.

Plaintiff spoke to Defendant Simmons twice on October 24, 2009. On at least one of those occasions a med tech was present.

On October 25, 2009, Plaintiff wrote an emergency grievance which was returned to him as not being an emergency on November 2, 2009. That emergency grievance was signed by a designee of Defendant Pierce. Plaintiff had no further contact with Defendant Pierce.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If the evidence, however, is "merely colorable, or is not significantly probative or merely raises 'some metaphysical doubt as the material facts,' summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50. Overall, "[s]ummary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party." *Durkin v. Equifax Check Services*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)). Summary judgment is mandated when, after adequate time for discovery, the party who bears the burden of proof fails to make a showing sufficient to establish an essential element of that party's case. *Celotex*, 477 U.S. at 323.

Thus, in order to overcome the undisputed facts set forth in defendants' motion for summary judgment, plaintiff cannot rest on the allegations in his complaint but must point to affidavits, depositions or other evidence of an admissible sort that a genuine dispute of material fact exists between parties. Fed. R. Civ. P. 56(e)(2); *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

## Deliberate Indifference Standard

The Eighth Amendment's proscription against cruel and unusual punishment imposes upon prison officials the duty to provide adequate medical care to incarcerated individuals. *Boyce v. Moore* 314 F.3d 884, 888-889 (7th Cir. 2002). In order to prove a violation of the Eighth Amendment, a plaintiff must establish: (1) an objectively, serious medical condition; and (2) deliberate indifference by the prison officials to that condition. *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006) (citing *Zentmyer v. Kendall County*, 220 F.3d 805, 810 (7th Cir. 2000)); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A serious medical need is one that ". . . has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity

for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Indications that a prisoner has a serious medical need arise with, "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activity; or the existence of chronic and substantial pain." *Gutierrez*, 111 F.3d at 1373. "Mere negligence or even gross negligence does not constitute deliberate indifference." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

"The deliberate indifference standard is a subjective one." *Estate of Novack v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). "To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (*Farmer*, 511 U.S. at 834). To be deliberately indifferent, a defendant "must know the serious risk to the prisoner's health, *i.e.*, the serious medical need at issue, and they must also consciously disregard that risk/need so as to inflict cruel and unusual punishment upon the prisoner." *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). Courts must "examine the totality of the inmate's medical care when considering whether that care evidences deliberate indifference to his serious medical needs." *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 591 (7th Cir. 1999) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir. 1997)).

The mere failure of prison official to choose the best course of action does not amount to a constitutional violation. *Peate v. McCann*, 294 F. 3d 879, 882 (7th Cir. 2002). A doctor's mistaken belief that his treatment will succeed vitiates any possibility of deliberate indifference, and a difference of opinion between physicians is insufficient to create an issue of fact as to deliberate indifference.  *Norfleet v. Webster*, 439 F. 3d 392, 396 (7th Cir. 2006).

## I.   Dr. Ronald Schaefer

Dr. Schaefer is a licensed physician in the State of Illinois and is U.S. residency trained in internal medicine/primary care. He received his M.D. from the University of Illinois College of Medicine. At all relevant times, Dr. Schaefer was employed by Wexford Health Sources, Inc. as a physician at the Pontiac Correctional Center.

Wexford contracts with the State of Illinois, Department of Corrections, to provide medical services in correctional facilities. Dr. Schaefer has over seven (7) years experience working as a physician at Illinois Department of Corrections facilities and one (1) year in Indiana Corrections facilities.

Dr. Schaefer saw Mr. Falconer on November 10, 2009 at the medical sick call. Dr. Schaefer's exam revealed both sides of plaintiff's lungs were clear; he had good movement on both sides; and both lungs were clear bilaterally. In light of these findings, Dr. Schaefer determined no treatment was necessary. Dr. Schaefer saw Falconer only once during any time relevant to the Complaint.

The facts, even when construed in the light most favorable to Plaintiff, indicate that Dr. Schaefer was not deliberately indifferent to plaintiff's serious medical needs. Dr. Schaefer only treated Falconer one time, promptly addressed plaintiff's asthmatic complaints by examining him, found that both sides of his lungs were clear, and scheduling him for follow-up in the asthma clinic. Plaintiff simply disagrees with the treatment provided, which is not actionable under 42 U.S.C. §1983, and fails to state a claim for deliberate indifference as a matter of law under the above cited case law.

## II. Defendant Richard Cation

Defendant Cation was aware that Plaintiff was receiving medical treatment. He made the November 3, 2009, note in Plaintiff's chart advising that Plaintiff would like to be seen for shortness of breath. Defendant Cation was also present at Plaintiff's visit with Dr. Schaeffer and examination revealed that Plaintiff's lungs were clear on November 10, 2009. Defendant Cation then made the note in Plaintiff's medical record that Plaintiff should follow up with the asthma clinic.

On this record, there is no genuine issue of fact that would make this amount to deliberate indifference. Plaintiff may have wished to be seen sooner, but this only indicates Plaintiff's disagreement with Defendant Cation's actions and does not amount to an Eighth Amendment violation. Plaintiff has failed to demonstrate that Defendant Cation acted with a sufficiently culpable state of mind or consciously disregarded a serious risk of harm. Summary judgment is therefore granted in favor of Defendant Cation.

## III. Defendant Richard Simmons

Plaintiff claims that he told Defendant Simmons of his breathing problems on October 24, 2009. Plaintiff further admits that during at least one of his two conversations with Defendant Simmons, a medical technician was present. If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that this prisoner is in capable hands. *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005),

It was reasonable for Defendant Simmons to believe that the medical technician would respond to Plaintiff's complaints if they warranted immediate attention. Plaintiff has not shown that Defendant Simmons had an adequately culpable state of mind to be deliberately indifferent to any serious medical need. Defendant Simmons is granted summary judgment.

## IV. Defendant Guy Pierce

Plaintiff claims that because Defendant Pierce returned his grievance as a non-emergency, Defendant Pierce was deliberately indifferent to his serious medical condition. That grievance was not signed by Defendant Pierce, but rather was signed by a designee of Defendant

Pierce. This emergency grievance was the only interaction alleged to have involved Defendant Pierce.

Plaintiff has put forward no evidence which shows that Defendant Pierce was personally involved or aware of Plaintiff's medical complaints or that Defendant Pierce deliberately ignored those claims for the purpose of causing him harm or pain. Defendant Pierce is granted summary judgment, as well.

## CONCLUSION

For the reasons set forth above, Defendant Schaefer's Motion for Summary Judgment [70] is GRANTED. The Motion for Summary Judgment by Defendants Cation, Simmons, and Pierce [74] is also GRANTED. This matter is now TERMINATED, and all pending deadlines or hearings are VACATED.

ENTERED this 30th day of March, 2012.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge